OPINION AND JOURNAL ENTRY
{¶ 1} Relator, Attorney Ted Macejko, Jr., has filed with this court an original action in prohibition against Respondent, Probate Judge Timothy Maloney, in order to bar the court from proceeding with sentencing for contempt set for May 13, 2004. For the following reasons, the petition is dismissed.
 {¶ 2} The writ of prohibition is extraordinary in nature and is subject to much caution and restraint. State ex rel. Henry v.Britt (1981), 67 Ohio St.2d 71, 73. In order to be entitled to a writ of prohibition, Relator must establish that Respondent is about to exercise judicial or quasi-judicial power, the exercise of that power is not authorized by law, and denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Mahoning Cty.Commrs. v. Maloney (2003), 100 Ohio St.3d 248, 250.
 {¶ 3} In the instant matter, Relator seeks issuance of the writ in order to prevent the court from conducting contempt proceedings against him. However, "[p]rohibition does not lie to prevent a court from exercising its jurisdiction to conduct contempt proceedings — with respect to which, there is an adequate remedy at law." State ex rel. Cuyahoga Cty. Dept. ofChildren Family Services v. Ferrari (1994),96 Ohio App.3d 660, 664. Appeal of an order of contempt, or flaws in the finding thereof, is an adequate remedy at law and thus will prevent issuance of a writ. State ex rel. Mancino v.Campbell (1993), 66 Ohio St.3d 217, 220.
 {¶ 4} Thus, in the matter at hand, Relator may appeal the finding of contempt and subsequent sentence and file a motion for a stay as provided for in the Appellate Rules to prevent execution of that sentence. Due to the existence of this adequate legal remedy, the petition is hereby dismissed. Costs are taxed against Relator.
 {¶ 5} Final order. Clerk to serve notice as provided by the Civil Rules.
Donofrio and DeGenaro, JJ., concur.