OPINION
{¶ 1} Appellant Attorney Ted Macejko, Jr. appeals the decisions of the Mahoning County Probate Court barring him from practicing in the court, denying him attorney fees, and finding him in contempt of court with an accompanying fine of $150. The issues presented deal with whether the probate court has subject matter jurisdiction to bar counsel from practicing in the court, whether the court followed the proper procedures for finding counsel in contempt of court and imposing a fine upon him, and whether the court abused its discretion in denying all fees. This court had previously advised counsel to brief the issue of whether the court's orders were final and appealable, and thus, we are also faced with this issue.
 {¶ 2} We have determined that the orders are all final and appealable. For the following reasons, the probate court's contempt decision and sentence are affirmed, the decision to bar counsel is reversed and amended for the addition of language establishing that the bar lasts only as long as the delinquent account exists; and the denial of fees is affirmed as to unpaid fees but reversed as to pre-approved, paid fees.
 STATEMENT OF THE CASE {¶ 3} Counsel is the attorney for the estate of Charles Orville. On January 16, 2004, the probate court filed a "citation upon a delinquent account and orders to appear and show cause" and a "citation upon a delinquent litigation status report and orders to appears and show cause." These filings were served on counsel and the two co-fiduciaries. The first citation alleged that the first account, due on September 25, 2001, was never filed. The court ordered the fiduciaries and counsel to appear with the account and receipts or show cause why the sanctions provided by law should not be imposed against them. The court noted that no continuances or extensions to file the account would be granted. The court gave explicit notice that continued failure to comply may result in immediate sanctions includingdisallowance of fees, findings in contempt of court forfailure to comply with the citation, the imposition of a daily fine, removal of the fiduciary, or a prohibition against counselserving in any new case or proceeding. (Italics emphasizing the three issues in the case before us).
 {¶ 4} The second citation alleged that a litigation status report was required. The court repeated the warnings as set forth above.
 {¶ 5} The served parties appeared before a magistrate on February 27, 2004. On that date, the litigation status report was accepted. However, the magistrate rejected the account because it did not balance. In fact, the receipts exceeded the distributions by over $5,000. The magistrate recommended that the case be continued until a hearing on March 25, 2004 where a corrected accounting was to be filed.
 {¶ 6} On March 11, 2004, the court reviewed the magistrate's findings and filled in various blanks in a form attached thereto as a judgment entry of the probate court. Rather than accept the magistrate's decision to merely continue the hearing, the court decided to impose sanctions as contained in the citation notice served upon the fiduciary and the attorney. For instance, the court chose to penalize the fiduciary $100 plus $25 in costs; such sanction is not an issue on appeal. The court also declared, under Sup.R. 77 and 78 and Loc.R. 77.1 and 78.1 et seq., "The attorney is * * * Barred."
 {¶ 7} Thereafter, the magistrate refiled his prior order but continued the citation hearing until April 22, 2004. The court signed this entry on March 26, 2004 and filled in the same blanks as before but also denied counsel's fees, found him in contempt, and set sentencing for the next hearing date. Regardless of the propriety of adding additional sanctions onto the barring order where the magistrate's only action was to continue the hearing, at the next hearing date, counsel still did not file an accurate account.
 {¶ 8} On April 22, 2004, the magistrate's decision noted that the account was rejected again since the receipts now exceeded the disbursements by $387. The magistrate advised that this amount must be accounted for or distributed. The magistrate also found that the account reflected an inaccurate amount received from the prior guardianship. The magistrate recommended the parties return on May 13, 2004 with a corrected account.
 {¶ 9} That same day, the court signed the entry and added various sanctions for continued failure to comply with the initial citation to correct a delinquent account. Specifically, the court fined the fiduciary $100 plus $25 in costs, denied fees to counsel, barred counsel, found counsel in contempt, and ordered counsel to report for sentencing at the next hearing.
 {¶ 10} On May 12, 2004, counsel filed a petition for a writ of prohibition in this court on the grounds that the probate court had no jurisdiction to attempt to sentence him for contempt. The next day, this court issued an opinion and journal entry in State ex rel. Macejko v. Maloney, 7th Dist. No. 04MA90, 2004-Ohio-2478. We dismissed the petition, holding that appeal of an order of contempt after the sentence is entered would constitute an adequate remedy at law.
 {¶ 11} On May 13, 2004, the magistrate noted that the parties reappeared to file the account; however, two receipts were missing and the account showed a disbursement to counsel for attorney fees. The magistrate noted that the probate court had denied such fees. For these reasons, the magistrate rejected the account and again continued the hearing.
 {¶ 12} The court signed the May 13, 2004 entry that same day. The court found the fiduciary in contempt and ordered payment of $300 in penalties and $75 in costs. The court again denied attorney fees, barred counsel, and found counsel in contempt. As punishment for the contempt, the court fined counsel $150. The court also directed the parties to a separate judgment entry. This separate entry was filed on May 24, 2004. In it, the court reviewed the history of the citation and concluded by holding that a final account must show no currently owed fees were taken and must also reflect reimbursement and distribution of the attorney fees previously taken by counsel.
 {¶ 13} On May 24, 2004, counsel filed timely notice of appeal from the court's April 22, 2004 judgment entry, resulting in case number 04MA97. On May 26, 2004, counsel filed timely notice of appeal from the court's May 24, 2004 judgment entry, resulting in case number 04MA100. These cases have been consolidated for purposes of appeal.
 {¶ 14} This court asked counsel to brief the issue of whether the probate court's orders are final and appealable. Counsel did so in his merit brief. Because he makes separate arguments as to why each of his four assignments of error deals with an appealable order, we shall address the appealability of each order within each assignment of error.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 15} Counsel sets forth four assignments of error, the first of which alleges:
 {¶ 16} "The probate court patently and unambiguously lacked subject matter jurisdiction to issue an order unconditionally barring counsel for the estate from practicing in that court."
 {¶ 17} Counsel first urges that the order barring him is a final appealable order even where the estate remains open. Counsel alleges that the order is final under R.C. 2505.02(B)(2) in that it affects his substantial right to practice law as granted by the Supreme Court and was made in a special proceeding created by the statute in R.C. 2109.30. See R.C. 2505.02(A)(1) and (2), (B)(2). The right affected seems to become more substantial if his argument on the merits is sustained. This is because barring an attorney indefinitely affects more of the right to practice law than merely barring an attorney until a delinquency is cured. Nevertheless, we have previously declined to decide whether such probate proceedings and the sanctions imposed within them are special proceedings. In re Estate ofGeanangel (2002), 147 Ohio App.3d 131 (7th Dist.).
 {¶ 18} However, we did find that another section of the final order statute, R.C. 2505.02(B)(4), is applicable to cases such as this. Id. (holding that an order removing an executor was final and appealable). "The provisions of R.C. 2505.02(B)(4) specify that an order granting a provisional remedy shall be appealable if it (A) determines the action with respect to that provisional remedy and prevents a judgment in the action in the favor of the appealing party with respect to the remedy, and (B) the appealing party would not be afforded `a meaningful or effective remedy by an appeal' following a final judgment in the action as a whole." Id, citing In re Estate of Nardiello (Oct. 30, 2001), 10th Dist. No. 01AP-281.
 {¶ 19} If the barring order were not appealable at the time it was made, there would be no other time counsel could appeal from it. For instance, if he complied with the court order as to how to cure the delinquency by reimbursing past fees and submitting an account showing no fees were disbursed and if the court accepted the account and lifted the bar, there would be nothing left to appeal. He could not appeal an accepted account.
 {¶ 20} We also note that a similar rationale is applied below to the issue of whether the denial of attorney fees was final. Counsel cannot have the bar lifted until he submits the account according to the court's order requiring him to repay past fees and forgo presently owing fees. Since we find the fee denial appealable below, it is only logical that the bar, which requires compliance with the fee reduction, is also appealable.
 {¶ 21} In either case, as in our Geanangel case, the bar is an order concerning a provisional remedy that determines the action with respect to that provisional remedy and prevents a judgment in the action in the favor of the appealing party with respect to the remedy, and the appealing party would not be afforded a meaningful or effective remedy by an appeal following a final judgment in the action as a whole. See, also, R.C.2505.02(B)(4). Thus, the barring order is final and appealable.
 {¶ 22} We shall address any initial suggestions that the appeal is untimely on the grounds that the probate court originally stated that counsel was barred in its March 11, 2004 order and then again in a March 26, 2004 order. But, counsel's first appeal, dated May 24, 2004, was from the court's April 22, 2004 order. He did not appeal the March 11 (or March 26) order.
 {¶ 23} Nevertheless, the probate court ordered counsel barred in three subsequent entries. Each time revolved around additional facts. In the March 11 and 26, 2004 entries, the court ordered counsel barred due to the fact that the delinquent account was not properly submitted after the citation since the receipts exceeded the disbursements by $5,000. The April 22, 2004 entry barred counsel because the account still could not be accepted as the receipts exceeded the disbursements by $387. The May 13, 2004 entry barred counsel because the account, attempted to be filed now for the third time, still could not be accepted since two receipts were missing and since counsel listed the fees he was previously paid. The May 24, 2004 entry was a more detailed description incorporated into the prior entry.
 {¶ 24} Since the entries appealed by counsel also barred him and relied upon different sets of facts than the first entry from which no appeal was taken, counsel's appeal is not untimely merely because he did not appeal the first barring entry. Thus, we shall proceed to address the merits of this assignment of error.
 {¶ 25} There exist various provisions in the law that allow the probate court to bar an attorney. Sup.R. 78(A) provides that the attorney of record is subject to the fiduciary citation process set forth in R.C. 2109.31. Sup.R. 78(D) then provides that the probate court may issue a citation to the attorney of record for a fiduciary who is delinquent in the filing of an account and may command them to show cause why they should not be barred from being appointed in any new case or proceeding before the court or from serving as a fiduciary or attorney of record in any new estate, guardianship, conservatorship, trust or other matter until all of the delinquencies are filed and approved by the court. Loc.R. 77.2(A) provides the same. In barring Attorney Macejko, the probate court cited to all of these authorities.
 {¶ 26} Counsel concedes that this cited law gives the probate court the authority to restrict an attorney from practicing in its court until a delinquent pleading is corrected. Counsel then notes that the court's authority to bar counsel ends upon the filing of the previously delinquent account. Counsel contends that the court's order barring him was not properly restricted to show that the bar would be lifted upon correcting the delinquency, and thus, the court's order is improperly unlimited and indefinite.
 {¶ 27} Counsel relies on the Supreme Court's case of Stateex rel. Buck v. Maloney, 102 Ohio St.3d 250, 2004-Ohio-2590, where this same probate court attempted to bar another local attorney from practicing in the court. Counsel points out that the Supreme Court stated that it alone had general supervisory power over the court system including the ability to limit certain attorneys from practicing. Id. at ¶ 7. Counsel also notes the Supreme Court's statement that the probate court did not restrict the order to end when delinquent pleadings were filed but rather barred the attorney "until further Order of the Court." Id. at ¶ 14. Counsel describes the order in this case as being more egregious than the one in Buck, concluding that the one in Buck contained at least some limiting language.
 {¶ 28} Initially, the Buck case can be distinguished from the case at bar since Buck was not the attorney for the estate. Rather, he was litigating the wrongful death action. Apparently, Buck settled the claim without the probate court's approval. The probate court responded by barring Buck from serving as counsel in any new proceedings in the probate court until further order of the court, citing Sup.R. 77 and 78. Buck filed a petition for a writ of prohibition.
 {¶ 29} As the Supreme Court stated, "[The probate court's] reliance [on Sup.R. 78(D)] is misplaced. Sup.R. 78(D) authorizes probate courts to bar attorneys from representing new clients, but it applies only to attorneys representing fiduciaries who are delinquent in filing an inventory, account, or guardian's report, and even then, the bar can only last until all of the delinquent pleadings are filed."
 {¶ 30} From this, it is can be seen that Sup.R. 78(D) was inapplicable to Buck because he was not the attorney for the estate or the fiduciary and because he was not delinquent in filing an account, inventory, or report. On the contrary, Sup.R. 78(D) does apply to the facts herein. Counsel was the attorney for the estate and the fiduciary, and he was delinquent in the filing of an account.
 {¶ 31} Yet, the Supreme Court also stated that even if Sup.R. 78(D) were applicable, "the bar can only last until all the delinquent pleadings are filed" and the probate court "did not restrict his order to end when delinquent pleadings were filed."Buck at ¶ 13-14. If Sup.R. 78(D) did not apply because Buck was not the attorney for the fiduciary and because there was no delinquent account to begin with, then the Court did not need to mention that the bar allowed by Sup.R. 78(D) can only last until all delinquent pleadings are filed. This statement could thus be considered dicta since it was not essential to the decision.
 {¶ 32} Here, the probate court merely stated that counsel was barred. The court did not specify that he was only barred until the delinquent pleading was submitted and approved. As aforementioned, counsel urges that this failure to specify the conditions of the barring means that he is technically barred indefinitely, which action is beyond the probate court's authority. The Supreme Court's dicta in Buck supports this conclusion. Even though the probate court cites Sup.R. 78 and even though Sup.R. 78 explains that the bar is only until the delinquency is corrected, the probate court in Buck did this too. However, in its dicta, the Supreme Court did not interpret this a sufficient limit on the barring order. Thus, although we interpret the court's barring order as being within its jurisdiction and only lasting until the delinquency is cured, we shall reverse the order only in order to amend it to state that counsel is barred until the delinquency is cured.
 ASSIGNMENTS OF ERROR NUMBERS TWO AND FOUR {¶ 33} Counsel's second and fourth assignments of error, which both deal with the contempt sanction, provide as follows:
 {¶ 34} "The probate court does not possess authority to fine counsel for the estate under circumstances of this case."
 {¶ 35} "The probate court erred when it held counsel for the estate in indirect contempt absent compliance with the statutory procedures underlying such a determination."
 {¶ 36} When counsel sought a writ of prohibition prior to his contempt sentencing, we advised that he could appeal after a sentence was imposed. State ex rel. Macejko v. Maloney, 7th Dist. No. 04MA90, 2004-Ohio-2478. To constitute a final appealable order in a contempt proceeding, the order must contain both a finding of contempt and the imposition of a sanction.McCree v. McCree, 7th Dist. No. 01CA228, 2003-Ohio-1600, citingChain Bike Corp. v. Spoke 'N Wheel (1979), 64 Ohio App.2d 62,64, 18 O.O.3d 43, 410 N.E.2d 802. Here, counsel was found in contempt and then a $150 fine was imposed as a sentence for that contempt. As such, the contempt and sentence entered thereon together constitute a final appealable order.
 {¶ 37} We now turn to the merits of these two assignments. Counsel cites R.C. 2101.23, which states a probate judge may punish for contempt of its authority as may be punished in the common pleas court. He interprets this as meaning we should look to the general contempt statutes such as R.C. 2705.02 and 2705.03
for the procedure involved in holding someone in contempt. He notes that direct contempt may be punished summarily but that indirect contempt, as alleged here, requires compliance with the procedural safeguards contained in R.C. 2705.03.
 {¶ 38} Pursuant to R.C. 2705.02(A) and (B), the description of indirectly contemptible behaviors relevant herein, a person may be punished for contempt for disobedience of or resistance to a court order or misbehavior in performance of official duties. Thereafter, R.C. 2705.03 provides: "In cases under section2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel."
 {¶ 39} Counsel concludes that the finding of contempt and the fine entered thereon cannot be upheld in this case because he claims that the probate court failed to comply with these statutory procedures for entering a judgment of contempt. He contends that the court failed to provide a written notice of the charge and corresponding entry in the journal and an opportunity to be heard.
 {¶ 40} Firstly, when the probate statute, R.C. 2101.23, states that "[t]he probate judge may punish any contempt of his authority as such contempt might be punished in the court of common pleas," this does not necessitate a conclusion that theprocedural requirements in R.C. 2705.03 apply and supercede the specific procedural requirements in R.C. 2101.23 itself. Rather, the statement is merely a grant of authority for the probate court to hold people in contempt and punish them therefor.
 {¶ 41} In fact, R.C. 2101.23 contains its own procedure for finding one in contempt: "If a person neglects or refuses to perform an order or judgment of a probate court, other than for the payment of money, he shall be guilty of a contempt of court and the judge shall issue a summons directing such person to appear before the court, within two days from the service thereof, and show cause why he should not be punished for contempt."
 {¶ 42} Secondly, the probate code provides an even more specific citation process for contempt in delinquent account cases such as this. R.C. 2109.31(A) states that the court shall issue a citation to compel the filing of a delinquent account. Pursuant to R.C. 2109.31(B), the citation may state that a particular account is overdue and may order the filing of the account or appearance before the court. Thereafter, R.C.2109.31(C) explains:
 {¶ 43} "If a citation is issued to a fiduciary in accordance with divisions (A) and (B) of this section and if the fiduciary fails to file the account, inventory, certificate of notice of probate of will, or report prior to the appearance date specified in the citation, the court may order, on that date, one or more of the following:
 {¶ 44} "(1) The removal of the fiduciary;
 {¶ 45} "(2) A denial of all or part of the fees to which the fiduciary otherwise would be entitled;
 {¶ 46} "(3) A continuance of the time for filing the account, inventory, certificate of notice of probate of will, or report;
 {¶ 47} "(4) An assessment against the fiduciary of a penalty of one hundred dollars and costs of twenty-five dollars for the hearing, or a suspension of all or part of the penalty and costs;
 {¶ 48} "(5) That the fiduciary is in contempt of the courtfor the failure to comply with the citation and that a specified daily fine, imprisonment, or [both may be imposed] * * *" (Emphasis added).
 {¶ 49} Contrary to counsel's suggestion, the citation procedure contained in R.C. 2109.31 is applicable to him as counsel for the estate and for the estate's fiduciary. Although the statute speaks only of "the fiduciary," an attorney occupies a fiduciary position and Sup.R. 78(A) expressly provides:
 {¶ 50} "Each fiduciary shall adhere to the statutory or court-ordered time period for filing the inventory, account, and, if applicable, guardian's report. The citation process set forthin section 2109.31 of the Revised Code shall be utilized toensure compliance. The attorney of record and the fiduciary shallbe subject to the citation process. * * *." (Emphasis added).
 {¶ 51} Thus, counsel is subject to the citation process set forth in R.C. 2109.31, which citation process states that upon receiving the citation and failing to file the delinquent account, the court may issue an order that counsel is in contempt and correspondingly impose a fine on the date the account is delinquent.
 {¶ 52} This court once stated that the general statutory provisions of R.C. 2705.02 and 2705.03 prevail over the mere rules of Sup.R. 77 and 78. In re Myers, 7th Dist. Nos. 02CA6, 02CA42, 2003-Ohio-5308. Yet, Myers is distinguishable. In that case, the court was not punishing for the contempt due to a continuing delinquent account and that court did not utilize the citation process set forth in the specific statute of R.C.2109.31. Rather, that case dealt with contempt for failure to appear, where the contempt finding was entered in counsel's absence. Further, that attorney was never given notice of the charge against him or an opportunity to explain or defend. We are using Sup.R. 78 here merely to define the use of the term "fiduciary" in R.C. 2109.31.
 {¶ 53} Regardless of all of these arguments, whether one views the general contempt procedure in R.C. 2705.02 and 2705.03
or the specific provisions in R.C. 2109.31, the probate court satisfied the procedural parameters of both statutes. The court gave written notice to counsel in January 2004 that the court was considering holding him in contempt on the grounds of a delinquent account, especially upon continued delinquency after the citation. Counsel points to nothing showing that the notice that he may be found in contempt cannot be contained in a citation on a delinquent account along with notice of other possible sanctions. Rather, counsel misreads the citations served upon him when he claims that "no mention of contempt appears * * *." Both citations clearly advise "Failure to comply with this ORDER may * * * result in immediate sanctions which may include * * * findings in contempt of court for failure to comply with this citation * * *." The order was to appear with the account and receipts and show cause why the sanction provided by law should not be imposed against him.
 {¶ 54} The order stated that he could be held in contempt and why he could be held in contempt. The order containing that notice was entered in the journal. A hearing was conducted, but counsel submitted no transcript for this court's review. In fact, counsel had many opportunities to be heard on this matter as the hearing was continued multiple times due to continued and further delinquencies in the filing of the long overdue account. Counsel's arguments that he was not given a journalized notice or a hearing before he was found in contempt are without merit. Finally, we note that counsel does not make arguments concerning the propriety of the finding of contempt against him other than the above arguments on the pre-contempt procedure involved. These assignments of error are overruled.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 55} Counsel's third assignment of error provides:
 {¶ 56} "The probate court abused its discretion when it denied counsel for the estate all future attorney's fees and ordered him to repay fees previously earned."
 {¶ 57} Counsel was generally denied fees in various court orders. In the court's May 24, 2004 entry, counsel was not just denied future fees but was ordered to reimburse all fees previously approved by the court and paid to him from the estate.
 {¶ 58} Counsel urges that the denial of fees is a final appealable order even where the estate remains open. He argues that this denial of fees is similar to the case where a courtawards attorney fees. In such case, the order becomes final when the amount of fees is entered. Here, counsel urges that a denial of fees is final because a $0 amount of fees was entered. Counsel concludes that he has a substantial right to his fees denied in this special proceeding created by the statute of R.C.2109.30. See R.C. 2505.02(A)(1), (2), (B)(2).
 {¶ 59} Counsel correctly argues that the denial of fees is appealable at that time. See In re Testamentary Trust ofManning, 7th Dist. No. 99CA92, 2002-Ohio-5239. See, also, Stateex rel. Jones v. Maloney, 7th Dist. No. 03MA147, 2003-Ohio-6732
(where we denied prohibition stating that petitioner had an adequate remedy at law by way of his pending appeal from an order barring him until a delinquent account is accepted and denying attorney fees); In re Guardianship of Maunz (1991)77 Ohio App.3d 760, 603 (where the Third District held that an order of the probate court granting a surcharge ordering an ex-guardian to repay money he squandered, plus interest, to his ward's account is a final appealable order because it affects a substantial right of the guardian, determines the action by finalizing the guardianship account, and prevents further accounting favorable to the ex-guardian).
 {¶ 60} If the fee denial is not appealable at the time it is entered, it is hard to imagine a time that it could be appealed. In order to cure the delinquency to have the bar lifted, he would have to reimburse his past attorney fees and forgo further fees due and owing. Upon such action, the probate court would then accept the account, and there would be no order left to appeal. These attorney sanction procedures are more closely akin to sentencing a probate attorney for contempt, which is appealable even if the estate remains open.
 {¶ 61} As discussed under the first assignment of error, we have before us an order concerning a provisional remedy that determines the action with respect to that provisional remedy and prevents a judgment in the action in the favor of the appealing party with respect to the remedy, and the appealing party would not be afforded a meaningful or effective remedy by an appeal following a final judgment in the action as a whole. See R.C.2505.02(B)(4).
 {¶ 62} One could also argue that counsel should have appealed the denial of fees that originally appeared in the court's March 26, 2004 order. His first appeal was not perfected until May 24 and was from the court's April 22, 2004 order. However, the court repeated its fee denial in each of the next three entries, and each time the denial was predicated on a new set of facts surrounding the submitted account. Moreover, the contempt sentence was still pending. Thus, his appeal of the general fee denial was not untimely due to the failure to appeal the March 26, 2004 order. Additionally, the probate court did not specifically state that the previously approved and paid fees must be disgorged until the May 24, 2004 entry. As such, it appears we shall proceed to address the merits of this assignment.
 {¶ 63} Counsel contends that the court abused its discretion in denying all past and future fees. Counsel asks that we remand with orders to vacate the fee denial or to hold a full evidentiary hearing.
 {¶ 64} As for counsel's contention that we must remand because the court improperly denied fees without an evidentiary hearing, we point out that counsel was notified in the January 16, 2004 citation and show cause order of the potential for a denial of fees. Further, he attended a hearing where he could argue his case, and he was initially denied fees. In fact, multiple hearings were scheduled where he had the opportunity to file a proper accounting and argue why his fees should not be modified. As the probate court once noted, counsel did not appear with a court reporter, and thus, he waived record of the hearings. As such, a new hearing is not required.
 {¶ 65} Another misunderstanding is that counsel likens the court's actions to cases where an attorney asks for a certain amount in attorney fees and the court awards a reduced amount on grounds that the sought amount was not reasonable. Our case ofIn re Campbell, 7th Dist. Nos. 02CA186, 02CA187,2003-Ohio-7040, cited by counsel is distinguishable. The case presently before us is not a decision on whether fees requested by an attorney were reasonably incurred but whether the court's punishment of denying all fees was reasonable under the circumstances herein.
 {¶ 66} Thus, the main issue under this assignment of error is whether the court abused its discretion in totally denying all fees to the estate attorney for the reasons that: an account was delinquent; when submitted, the account was inaccurate as it showed more receipts than disbursements; when resubmitted it showed a lesser inaccuracy; and, when submitted for the third time, two receipts were missing. Counsel urges that at the very least, the court should not have disgorged fees already paid and approved.
 {¶ 67} Pursuant to Loc.R. 77.2, the probate court may issue a citation to a fiduciary or attorney for a fiduciary who is delinquent in the filing of an account and may command them to show cause why they should not be denied fees, among other sanctions. Loc.R. 78.4 states that the probate court will not authorize the distribution of attorney fees of any estate assets when an account is delinquent. Moreover, Sup.R. 78(A) provides that the probate court may modify or deny attorney fees to enforce adherence to the filing periods. Likewise, the related statute of R.C. 2109.31(C)(2) states that if a citation is issued and the attorney fails to file the account, the court may deny all or part of the fees to which the attorney would otherwise be entitled.
 {¶ 68} In our Manning case mentioned earlier, we determined that the probate court abused its discretion, i.e. acted unreasonably, arbitrarily, or unconscionably, in denying all fees based on administrative fee-taking errors (fees taken annually rather than quarterly and without court approval) that violated local probate rules. Some of the accounts in that case had late account filings; however, the probate court did not rely on that as a reason for fee-denial in its March 16, 1999 judgment entry. The bank had already paid back the fees with ten percent interest and desired to properly seek pre-approval for past fees. In deciding that the total denial of all fees was unreasonable, we noted that there was no malfeasance, self-dealing, or mismanagement. Id. at ¶ 22, 24. "The most extreme punishments should be reserved for the most extreme improprieties." Id. at ¶ 22.
 {¶ 69} We note that the initial voluntary reimbursement of past fees in Manning occurred without contest because those fees were taken without prior approval. Here, the probate court had already given approval for some attorney fees that were paid previously.
 {¶ 70} We hold that the total denial of all fees here was unreasonable, especially since there are no allegations of self-dealing, mismanagement, or malfeasance. See Manning,
supra. We conclude that under the circumstances of this case,
denial of future fees is a reasonable sanction for the continued delinquency. However, disgorgement of earned and approved fees is not a reasonable sanction for a later occurring delinquency. Thus, for instance, the probate court's approval of $450 in fees in an August 2002 entry shall not be overturned and the receipt of these fees shall not be disgorged.
 {¶ 71} This assignment of error is sustained in part and overruled in part.
CONCLUSION
 {¶ 72} For the foregoing reasons, the order barring counsel is reversed and amended for the addition of language that counsel is barred "until the delinquent account is cured." The finding of contempt and sentence entered thereon are affirmed. The denial of fees is affirmed as to unpaid fees but reversed to the extent that it orders reimbursement of previously approved and paid fees.
Waite, P.J., concurs.
DeGenaro, J., concurs.