OPINION
{¶ 1} Attorney Ted Macejko, Jr. appeals the decision of the Mahoning County Probate Court which barred him from practicing in the court and which reduced his attorney fees in an estate case by 25%. The issues before us concern whether the court's order barring counsel was required to specify that he was only barred until the delinquent account was filed and whether the court was required to hold a separate hearing solely to award and reduce attorney fees rather than rely on a hearing set for the citation on a delinquent account. For the following reasons, the order barring counsel is reversed and amended for addition of language stating that counsel is barred "until the delinquency is cured," and the order reducing fees by 25% is affirmed.
 STATEMENT OF THE CASE {¶ 2} In August 2000, counsel's father (and partner) filed an application to probate a will in the estate of John J. Maceyko. In July 2002, counsel filed an appearance as the successor attorney after his father died. On January 16, 2004, the probate court issued a citation to file a delinquent account and orders to appear and show cause. The citation warned that failure to comply may result in immediate sanctions including disallowance of fiduciary and attorney fees, contempt, imposition of a daily fine or imprisonment until the account is filed, cancellation of letters of authority, or prohibition against counsel serving under any new case or proceeding.
 {¶ 3} The matter was heard on February 27, 2004. However, the magistrate could not accept the account because counsel failed to obtain the fiduciary's signature. The fiduciary did not appear at the hearing because he moved and did not receive the notice sent to his old address. Counsel supplied the court with the fiduciary's new local address, and advised that the fiduciary may be vacationing in Florida.
 {¶ 4} On March 4, 2004, the court reviewed the magistrate's decision and assessed a $100 penalty on the fiduciary plus $25 in costs. The court also ordered counsel barred.
 {¶ 5} On March 16, 2004, counsel filed a motion for relief from judgment from the fiduciary's penalty and the barring.
 {¶ 6} When the signed account was submitted to the magistrate, the magistrate rejected it because the fiduciary had not paid the penalty and costs. The magistrate noted this in a March 25, 2004 decision.
 {¶ 7} The parties then appeared for a hearing on May 5, 2004 for purposes of the continued hearing on the citation on the delinquent account and the motion for relief from judgment. The fiduciary testified, but the court filed an entry that day noting that a court reporter was not requested and thus a record was waived.
 {¶ 8} On May 18, 2004, the court issued an entry denying the motion for relief from judgment, opining that counsel was properly barred due to his delays. The court also noted that his firm received $9,225 in attorney fees without court approval. The court found counsel caused "unnecessary and unwarranted hindrances and delays in the administration of this Estate." The court concluded that counsel's fees would be reduced by 25%, which is $2,306.
 {¶ 9} Counsel filed timely notice of appeal. We asked that he explain why the order appealed was final and appealable.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 10} Counsel's first assignment of error provides:
 {¶ 11} "The probate court patently and unambiguously lacked subject matter jurisdiction to issue an order unconditionally barring counsel for the estate from practicing in that court."
 {¶ 12} Counsel first urges that the order barring him is a final appealable order even where the estate remains open. Counsel alleges that the order is final under R.C. 2505.02(B)(2) in that it affects his substantial right to practice law granted by the Supreme Court and was made in a special proceeding created by the statute of R.C. 2109.30. See R.C. 2505.02(A)(1), (2), (B)(2). The right affected seems to become more substantial if his argument on the merits is sustained. This is because barring an attorney indefinitely seems to affect more of right than merely barring an attorney until a delinquency is cured. Nevertheless, we have previously declined to decide whether such probate proceedings and the sanctions imposed within them are special proceedings. See In re Estate of Geanangel (2002),147 Ohio App.3d 131.
 {¶ 13} Still, we have found that another section of the final order statute, R.C. 2505.02(B)(4), is applicable to cases such as this. Id. (holding that an order removing an executor was final and appealable). "The provisions of R.C. 2505.02(B)(4) specify that an order granting a provisional remedy shall be appealable if it (A) determines the action with respect to that provisional remedy and prevents a judgment in the action in the favor of the appealing party with respect to the remedy, and (B) the appealing party would not be afforded `a meaningful or effective remedy by an appeal' following a final judgment in the action as a whole." Id., citing In re Estate of Nardiello (Oct. 30, 2001), 10th Dist. No. 01AP-281.
 {¶ 14} If the barring order were not appealable at the time it was made, there would be no other time counsel could appeal from it. For instance, if he complied with the court order as to how to cure the delinquency by reimbursing 25% of his fees and submitting an account showing this reimbursement and if the court accepted the account and lifted the bar, there would be nothing left to appeal.
 {¶ 15} A similar rationale is applied below to the issue of whether the reduction of attorney fees is final and appealable. Counsel cannot have the bar lifted until he submits the account according to the court's order requiring him to repay 25% of the fees he was paid. Since we find the fee reduction appealable under the next assignment, it is only logical that the bar, which requires compliance with the fee reduction, is also appealable.
 {¶ 16} In either case, as in our Geanangel case, the bar is an order concerning a provisional remedy that determines the action with respect to that provisional remedy and prevents a judgment in the action in the favor of the appealing party with respect to the remedy, and the appealing party would not be afforded a meaningful or effective remedy by an appeal following a final judgment in the action as a whole. See, also, R.C.2505.02(B)(4). As such, the barring order is final and appealable.
 {¶ 17} There exist various provisions in the law that allow the probate court to bar an attorney. Sup.R. 78(A) provides that the attorney of record is subject to the fiduciary citation process set forth in R.C. 2109.31. Sup.R. 78(D) then provides that the probate court may issue a citation to the attorney of record for a fiduciary who is delinquent in the filing of an account and may command them to show cause why they should not be barred from being appointed in any new case or proceeding before the court or from serving as a fiduciary or attorney of record in any new estate, guardianship, conservatorship, trust or other matter until all of the delinquencies are filed and approved by the court. Loc.R. 77.2(A) provides the same. In barring counsel, the probate court cited to all of these authorities.
 {¶ 18} Counsel concedes that this cited law gives the probate court the authority to restrict an attorney from practicing in its court until delinquencies are cured. Counsel then notes that the court's authority to bar counsel ends upon the filing of the previously delinquent account. Counsel contends that the court's order barring him was not properly restricted to show that the bar would be lifted upon correcting the delinquency, and thus, he concludes the probate court lacked authority to make such an indefinite and unlimited order.
 {¶ 19} Counsel relies on the Supreme Court's case of Stateex rel. Buck v. Maloney, 102 Ohio St.3d 250, 2004-Ohio-2590, where this same probate court attempted to bar another local attorney from practicing in the court. Counsel points out that the Supreme Court warned that it alone had general supervisory power over the court system including the ability to limit certain attorneys from practicing. Id. at ¶ 7. Counsel also notes the Supreme Court's statement that the probate court did not restrict the order to end when delinquent pleadings were filed but rather barred the attorney "until further Order of the Court." Id. at ¶ 14. Counsel describes the order in this case as being more egregious than the one in Buck, concluding that the one in Buck contained at least some limiting language.
 {¶ 20} Initially, the Buck case can be distinguished from the case at bar since Buck was not the attorney for the estate. Rather, he was litigating the wrongful death action in common pleas court. Apparently, Buck settled the claim without the probate court's approval. The probate court responded by barring Buck from serving as counsel in any new proceedings in the probate court until further order of the court, citing Sup.R. 77 and 78. Buck then filed a petition for a writ of prohibition.
 {¶ 21} As the Supreme Court stated, "[The probate court's] reliance [on Sup.R. 78(D)] is misplaced. Sup.R. 78(D) authorizes probate courts to bar attorneys from representing new clients, but it applies only to attorneys representing fiduciaries who are delinquent in filing an inventory, account, or guardian's report, and even then, the bar can only last until all of the delinquent pleadings are filed."
 {¶ 22} From this, it can be seen that Sup.R. 78(D) was inapplicable to Buck because he was not the attorney for the estate or the fiduciary and he was not delinquent in filing an account, inventory, or report. On the contrary, Sup.R. 78(D)does apply to the facts herein. Counsel was the attorney for the estate and the fiduciary, and he was delinquent in the filing of an account.
 {¶ 23} Still, the Supreme Court also cautioned that even if Sup.R. 78 were applicable, "the bar can only last until all the delinquent pleadings are filed" and criticized that the probate court "did not restrict his order to end when delinquent pleadings were filed." Buck at ¶ 13-14. Technically, if Sup.R. 78(D) did not apply because Buck was not the attorney for the fiduciary and because there was no delinquent account to begin with, then the Supreme Court did not need to mention that the bar allowed by Sup.R. 78(D) can only last until all delinquent pleadings are filed. This statement could thus be considered dicta since it was not essential to the decision. Yet, it is telling as to the Supreme Court's position on the matter.
 {¶ 24} Here, the probate court merely stated that counsel was barred. The court did not specify that he was only barred until the delinquent pleading was submitted and approved. Counsel urges that this failure to specify the conditions of the barring means that he is actually barred indefinitely, which is beyond the probate court's authority. The dicta in the Supreme Court case supports this conclusion. Even though the probate court cites Sup.R. 78 and even though Sup.R. 78 explains that the bar is only until the delinquency is corrected, the probate court in Buck
did this too. However, in its dicta, the Supreme Court did not interpret this as sufficiently limiting its barring order. Thus, although we interpret the court's barring order as being within its jurisdiction and only lasting until the delinquency is cured, we shall reverse the order only in order to amend it to state that counsel is barred until the delinquency is cured.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 25} Counsel's second assignment of error alleges:
 {¶ 26} "The probate court abused its discretion when it reduced attorney's fees that had not yet been awarded."
 {¶ 27} Counsel urges that the reduction of fees is a final appealable order even where the estate remains open. He notes the award and calculation of attorney fees is appealable in cases where the court awards fees to the winning party. Counsel concludes that he has a substantial right to his requested fees denied in this special proceeding created by the statute of R.C.2109.30. See R.C. 2505.02(A)(1), (2), (B)(2).
 {¶ 28} We agree that the reduction of fees is appealable at the time of the reduction. See In re Testamentary Trust ofManning, 7th Dist. No. 99CA92, 2002-Ohio-5239 (appeal from an order denying all fees). See, also, State ex rel. Jones v.Maloney, 7th Dist. No. 03MA147, 2003-Ohio-6732 (where we denied prohibition stating that petitioner had an adequate remedy at law by way of his pending appeal from an order denying attorney fees and barring him until a delinquency is cured); In reGuardianship of Maunz (1991) 77 Ohio App.3d 760, 603 (where the Third District held that an order of the probate court granting a surcharge ordering an ex-guardian to repay money he squandered, plus interest, to his ward's account is a final appealable order because it affects a substantial right of the guardian, determines the action by finalizing the guardianship account, and prevents further accounting favorable to the ex-guardian).
 {¶ 29} If the fee reduction is not appealable at the time it is entered, then there is no time that it could be appealed. In order to cures the delinquency to have the bar lifted, counsel would have had to reimburse 25% of his attorney fees. The court would then accept the account, and there would be no order to appeal. These attorney sanction procedures are more closely akin to sentencing a probate attorney for contempt, which is appealable even if the estate remains open.
 {¶ 30} As discussed supra, we have before us an order concerning a provisional remedy that determines the action with respect to that provisional remedy and prevents a judgment in the action in the favor of the appealing party with respect to the remedy, and the appealing party would not be afforded a meaningful or effective remedy by an appeal following a final judgment in the action as a whole. See R.C. 2505.02(B)(4). As such, we shall proceed to address the merits of this assignment.
 {¶ 31} First, we note that the text of this assignment complains that the court reduced fees that had not yet been awarded and point out that counsel's firm should have considered the fact that fees had not yet been awarded before taking them. Nonetheless, we continue our analysis.
 {¶ 32} Pursuant to Loc.R. 77.2, the probate court may issue a citation to a fiduciary or attorney for a fiduciary who is delinquent in the filing of an account and may command them to show cause why they should not be denied fees, among other sanctions. Loc.R. 78.4 states that the probate court will not authorize the distribution of attorney fees of any estate assets when an account is delinquent. Moreover, Sup.R. 78(A) provides that the probate court may modify or deny attorney fees to enforce adherence to the filing periods. Likewise, the related statute of R.C. 2109.31(C)(2) states that if a citation is issued and the attorney fails to file the account, the court may deny all or part of the fees to which the attorney would otherwise be entitled.
 {¶ 33} Counsel contends that a separate hearing should have been held to address the reasonableness of fees and an appropriate reduction. A hearing was held on the citation for the delinquent account. The citation specifically advised counsel that if the account was not filed, then the court could deny attorney fees. Counsel appeared with an incomplete account. As the court noted, counsel's firm was aware of the fiduciary's new address for some time. Further, counsel could have ordered a court reporter to memorialize the occurrences at the hearing. He did not do so. Thus, we are left without a record to review.
 {¶ 34} Moreover, this is not comparable to the cases where the court awards attorney fees to the winning party for some reason or another. In those cases, the court holds a hearing, taking into consideration factors such as the amount of hours spent, the hourly rate charged, and the going hourly rate. In cases like the one before this court, counsel generally asks for approval of an amount of fees based upon the size of the estate.
 {¶ 35} Counsel complains that he was not given a chance to prove that his fees were reasonable. However, we have two responses to this complaint. Firstly, counsel cannot now complain that a hearing was not held where he had notice that fee modification was a contemplated sanction, where a hearing was held on the citation which gave this notice, where he had the opportunity to argue against a reduction in fees at the hearing, and where he did not ensure that hearing was recorded.
 {¶ 36} Secondly, the reasonable of his requested fees was not the issue. In fact, the court basically found that the amount counsel requested was reasonable. The court then reduced the desired amount of generally reasonable fees by 25%, not because the amount of fees sought was unreasonable but as a sanction for a delinquent account, or actually three delinquent annual accounts. Not to mention the fact that the firm was paid the fees years before without court approval.
 {¶ 37} The reduction was an allowable sanction; it was not a modification based upon the worth of his service to the estate. We note that in this case's companion case of In the Matter ofthe Estate of Orville, 7th Dist. Nos. 04MA97, 04MA100, we upheld the denial of fees only to the extent that it did not seek disgorgement of preapproved fees. Here, the fees disgorged were not pre-approved. Moreover, every case is to be decided on its own set of facts and circumstances surrounding the extent of the delinquency and case history. A 25% reduction based upon the facts and circumstances existing herein was not unreasonable, arbitrary, or unconscionable. This assignment of error is overruled.
 {¶ 38} For the foregoing reasons, the court's order barring counsel is reversed and amended to state that counsel is barred "until the delinquency is cured," and the 25% fee reduction is affirmed.
Waite, P.J., concurs.
DeGenaro, J., concurs.