OPINION
{¶ 1} Appellant National City Bank appeals the decision of the Mahoning County Probate Court denying fiduciary fees. These fees were denied even though this court previously reversed the probate court's prior denial of all fees and "remanded for a hearing to determine an appropriate amount of fiduciary fees minus a reasonable discount for the bank's errors." For the following reasons, the probate court's total denial of fees is reversed based upon law of the case. This court hereby enters judgment awarding the bank their fiduciary fees minus a reasonable discount of 30%. The probate court is ordered to immediately carry this judgment into effect.
 STATEMENT OF THE CASE {¶ 2} The probate court noticed that National City Bank was late in account filings and had been taking fees in approximately one hundred fifty four trust and guardianship accounts without prior court approval and on a quarterly basis rather than an annual basis. At a contempt hearing in September 1998, the bank stated that the fee-taking was a state-wide practice at its branches and admitted that it violated local probate rules. The bank agreed to reimburse all fees plus 10% interest, file accounts, and then seek court approval for annual fees. The court journalized this reimbursement order on November 3, 1998.
 {¶ 3} Thereafter, the bank sought court approved, annual fiduciary fees in certain cases. On March 16, 1999, the probate court filed an entry in all cases denying all fees. The probate court stated that the bank failed to appeal the prior reimbursement order. The probate court also held that the bank failed to comply with the legal requirements and failed to faithfully discharge its duties as fiduciary. It appears the denial of all fees resulted in a total fee loss to the bank of one-half million dollars.
 {¶ 4} The bank appealed the fee denial to this court. Prior to deciding the appeal, we held that the bank was not required to appeal the 1998 reimbursement order because such order contemplated that the bank could seek fees in the proper manner at the appropriate time. In reTestamentary Trust of Manning (Aug. 15, 2001 J.E.), 7th Dist. No. 99CA92.
 {¶ 5} Thereafter, in determining the appeal, we noted that a probate court has discretion to deny all or part of the fiduciary fees under various statutes and rules of superintendence. See, e.g., R.C. 2109.31; Sup. R. 74, 78. We explained that we could reverse such a decision if it was unreasonable, unconscionable, or arbitrary. In re Testamentary Trustof Manning, 7th Dist. No. 99CA92, 2002-Ohio-5239, ¶ 9, 17 [Manning I], citing National City Bank v. Breyer (2000), 89 Ohio St.3d 152, 159. See, also, In re Trusteeship of Stone (1941), 138 Ohio St. 293, 306 (holding that denial of trustee compensation is subject to judicial discretion and also noting that the absence of bad faith and fraud must be considered).
 {¶ 6} We then reviewed various cases involving fee modification, pointing out that total fee denial cases typically involve mismanagement, self-dealing, deception, forgery, fraud, and/or malfeasance. Id. at ¶ 18-21. See, also, In re Estate of Orville, 7th Dist. Nos. 04MA97, 04MA100, 2004-Ohio-6510 (where we recently reversed part of a fee denial as unreasonable); In re Estate of Maceyko, 7th Dist. No. 04MA111,2004-Ohio-6511 (where we recently upheld a 25% reduction in fees due to various delinquencies). Our Manning I decision concluded as follows:
 {¶ 7} "Here, there was no malfeasance. The fees were not excessive. This bank violated a local rule in this county; annual fees may not be the rule in the other eighty-seven counties where the bank may have branches. Although ignorance of the law is no excuse, this fact tends to decrease the magnitude of the blame to be placed. The most extreme punishments should be reserved for the most extreme improprieties.
 {¶ 8} "It should also be remembered that the bank reimbursed all quarterly fees taken plus ten percent interest. It then wished to recover annual fees with court approval. The court could have reduced the fees by a percentage as a reasonable way of `penalizing' the bank for its mistake, a mistake that ended up causing no identifiable harm to the beneficiaries. Instead, the court denied all fees, which according to the bank, totaled over one-half million dollars.
 {¶ 9} "The bank notes that it performed extensive services for all accounts. There are no allegations of self-dealing or mismanagement. It appears to this court that the beneficiaries were more than compensated for any loss of interest on early fee-withdrawal and then also received a windfall in the form of free trustee services for prior years. We thus hold that it was unreasonable to totally deny all fees on all cases.
 {¶ 10} "For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded for a hearing to determine an appropriate amount of fiduciary fees minus a reasonable discount for the bank's errors." Manning I at ¶ 22-25.
 {¶ 11} On remand, the bank received a hearing date from the clerk, but the probate court canceled the date and declared that it would hold one hundred fifty-four separate hearings. The bank sought a writ of mandamus in this court ordering the court to proceed promptly and to hold a single hearing. This court denied the writ, and the Supreme Court affirmed our decision but ordered that the probate court promptly set the necessary hearing and promptly determine the fiduciary fees to which National City is entitled. State ex rel. National City Bank v. Maloney, 7th Dist. No. 03MA139, 2003-Ohio-7010, affirmed in 103 Ohio St.3d 93, 2004-Ohio-4437, ¶ 14.
 {¶ 12} On February 9, 2004, the court held a hearing to determine fees. A bank fiduciary officer/attorney testified as to the filings and fees. The probate court noted, "the Court of Appeals' opinion directed this Court to reconsider the fees, less a reasonable discount." (Tr. 12). The court then asked: "Do you have any idea what a reasonable discount is in your mind?" (Tr. 12-13). Two bank officers opined that 30% would be a reasonable penalty. (Tr. 13, 16). One noted that the bank already repaid the fees with 10% interest and paid a $38,500 fine for contempt. (Tr. 13).
 {¶ 13} On December 15, 2004, the probate court finally released its decision. The probate court stated:
 {¶ 14} "Under the record before it, the Court of Appeals held that the Probate Court abused its discretion by withholding all fees in the cases and ordered a hearing to determine a `reasonable' discount for NCB's violations of the Mahoning County Probate Court Local Rules. * * * At the hearing, NCB offered no evidence or argument to suggest the Probate Court's prior findings of fact were in error or that it should be entitled to fiduciary fees. Although two witnesses for NCB suggested that a thirty percent penalty would be a `reasonable' discount for its infractions, neither NCB nor its attorneys offered any evidence as to why a denial of all fees was not warranted under the circumstances." (J.E. 2).
 {¶ 15} The court explained that the bank violated local rules by taking annual rather than quarterly fees and by doing so without prior court approval in many of the cases. The court also found that the bank had previously violated its fiduciary responsibilities with delinquent accounts in all cases. The court found that the bank failed to purge contempt citations concerning the delinquencies in a timely manner. The court cited various statutes allowing denial of fiduciary fees, including R.C. 2109.24, which states that if the fiduciary fails to render a true and just account at the times required and the failure continues for thirty days after notice is provided, "the fiduciary forthwith may be removed by the court and shall receive no allowance for the fiduciary's services unless the court enters upon its journal its findings that the delay was necessary and reasonable."
 {¶ 16} The probate court then noted this court's recitation of some relevant law and opined, "The Appellate Decision, however, fails to take into account the Probate Court's reliance, both then and now, upon the precepts of O.R.C. § 2109.24." (J.E. 4). The probate court noted that it did not and cannot find that the delay was necessary and reasonable and thus no fees were permissible under R.C. 2109.24.
 {¶ 17} The court expressed that the bank's offer of reimbursement plus ten percent interest plus a thirty percent discount is insufficient in light of the harm to the probate court's authority, the integrity of the courts, and the trust placed in the judicial system by the beneficiaries. The court found the bank engaged in a pattern of intentional conduct by not filing timely accounts and by failing to timely cure the delinquencies.
 {¶ 18} The probate court concluded that because the bank failed to offer evidence establishing that its delay was necessary and reasonable, it could not make the findings required under R.C. 2109.24. "Therefore, absent further direction from the Court of Appeals, this Court is not inclined to instate any orders other than its Orders denying fees." (J.E. 6). Thus, the bank was again denied all fees in each and every case. The bank filed a timely appeal from the court's December 15, 2004 entry.
 ASSIGNMENT OF ERROR {¶ 19} The bank sets forth the following assignment of error:
 {¶ 20} "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DID NOT FOLLOW THE COURT OF APPEALS' MANDATE IN MANNING I."
 {¶ 21} The bank argues that the plain language of our Manning I
decision requires the probate court to award fiduciary fees on remand with a reasonable discount. The bank urges that it was not required to prove anything at the hearing on remand except how much of a discount was reasonable. The bank then states that the probate court cannot disregard our order due to the law of the case doctrine. The bank notes that it is not the province of the probate court to point out a statute that the appellate court allegedly overlooked in order to avoid the appellate court's remand mandate. The bank concludes by asking us to enter an award as we see fit rather than remanding again to a court that is unwilling to follow an appellate court directive.
 {¶ 22} Initially, we shall deal with the probate court's determination that R.C. 2109.24 precluded it from awarding any fees. This ties in with the court's statement that the bank failed to demonstrate at the hearing that the delay in filing accounts was necessary and reasonable. R.C. 2109.24 provides in its entirety:
 {¶ 23} "Resignation or removal of fiduciary:
 {¶ 24} "The probate court at any time may accept the resignation of any fiduciary upon the fiduciary's proper accounting, if the fiduciary was appointed by, is under the control of, or is accountable to the court.
 {¶ 25} "If a fiduciary fails to make and file an inventory as required by sections 2109.58, 2111.14, and 2115.02 of the Revised Code or torender a just and true account of the fiduciary's administration at thetimes required by section 2109.301, 2109.302, or 2109.303 [2109.30 at the time] of the Revised Code, and if the failure continues for thirty daysafter the fiduciary has been notified by the court of the expiration ofthe relevant time, the fiduciary forthwith may be removed by the courtand shall receive no allowance for the fiduciary's services unless thecourt enters upon its journal its findings that the delay was necessaryand reasonable.
 {¶ 26} "The court may remove any such fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law.
 {¶ 27} "The court may remove a trustee upon the written application of more than one-half of the persons having an interest in the estate controlled by the trustee, but the trustee is not to be considered as a person having an interest in the estate under the proceedings; except that no trustee appointed under a will shall be removed upon such written application unless for a good cause." (Emphasis added to portion relied upon by probate court).
 {¶ 28} This court already made its decision concerning the probate court's denial and its reasons therefor. The probate court never specifically relied on R.C. 2109.24 in its initial denial. Although it did generally mention Chapter 2109 in a footnote, fee denial was permitted under R.C. 2109.31, which generally allows denial of all or part of the fees when a citation is issued to a fiduciary who failed to file an account. And, the probate court focused its attention on the annual fees taken without prior court approval in violation of local rules.
 {¶ 29} When we remanded, it was not to give the probate court another chance to support its fee denial. Rather, we reversed the total fee denial and remanded to allow the court to impose a "reasonable discount" on the fees earned. That remand was not the place for the probate court to point out a statute that this court allegedly overlooked and to apply that statute to avoid our decision.
 {¶ 30} Moreover, the bank had no reason to believe that it would be called upon to establish that any delay in filing accounts was necessary and reasonable. According to our Manning I decision, the remand was merely in order to determine a reasonable discount for the admitted errors. See, also, State ex rel. National City Bank, 103 Ohio St.3d 93, at ¶ 14 (ordering the judge to promptly set a hearing and determine the fiduciary fees to which the bank is entitled). The probate court had the obligation to determine a reasonable discount whether or not the bank established proof of anything. Here, the bank provided evidence of what two officers and the attorney for the bank believed would constitute a reasonable discount; that is, a 30% fee reduction.
 {¶ 31} Regardless, R.C. 2109.24 deals with removal or resignation of a fiduciary. The mention of fee denial under the emphasized portion of the statute clearly deals with cases of removal. The statute provides that the court may remove a fiduciary due to an account remaining untimely after notice, and if the court does remove the fiduciary, then that removed fiduciary's fees shall be denied unless the court finds the delay was necessary and reasonable. Here, the court did not remove the bank as fiduciary. Thus, we did not overlook any statute as R.C. 2109.24 does not apply.
 {¶ 32} As the bank points out, a lower court must follow the mandate of its court of appeals, whether correct or incorrect, absent extraordinary circumstances such as an intervening decision by the Supreme Court. State ex rel. Sharif v. McDonnell (2001), 91 Ohio St.3d 46,48, citing Nolan v. Nolan (1984), 11 Ohio St.3d 1, 5. The decision of an appellate court in a case remains the law of that case on the legal issues for all later proceedings in the case in both the trial and appellate levels. Nolan at 3.
 {¶ 33} The law of the case doctrine is necessary to maintain consistency within a single case, to avoid never-ending relitigation of the issues settled on an appeal which happened to be remanded, and to preserve the constitutional concept of superior versus inferior courts. Id. The doctrine compels trial courts to follow the mandates of their appellate courts. Id.
 {¶ 34} "Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * Moreover, the trial court is without authority to extend or vary the mandate given." Id. at 3-4.
 {¶ 35} We reversed the total fee denial as an abuse of discretion. We mandated that on remand the court determine an appropriate amount of reasonably discounted fees. More specifically, our decision clearly announced:
 {¶ 36} "We thus hold that it was unreasonable to totally deny all fees on all cases.
 {¶ 37} "For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded for a hearing to determine an appropriate amount of fiduciary fees minus a reasonable discount for the bank's errors." Manning I at ¶ 24-25.
 {¶ 38} By again denying all fees, the probate court patently refused to abide by our mandate. We already decided the impropriety of a total fee denial under the law. We held that it was unreasonable to deny all fees and that the trial court abused its discretion. Like it or not, the probate court is bound by that decision. Accordingly, the probate court's decision is once again reversed.
 {¶ 39} The next issue is whether this court should remand once again for a determination of the reasonable discount or whether this court should enter judgment itself. It is true that the probate court has exclusive original jurisdiction to determine fiduciary fees. However, the appellate court then has jurisdiction to review the probate court's exercise of its original jurisdiction.
 {¶ 40} Section 3(B)(2) of Article IV of the Ohio Constitution provides that appellate courts have jurisdiction as may be provided by law to review and affirm, modify, or reverse the judgments of the inferior courts within the district. Likewise, App. R. 12(A)(1)(a) states that an appellate court in performing its review can affirm, modify, or reverse the judgment appealed. App. R. 12(B), entitled judgment as a matter of law, provides in pertinent part:
 {¶ 41} "* * * When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order. In all other cases where the court of appeals determines that the judgment or final order of the trial court should be modified as a matter of law it shall enter its judgment accordingly."
 {¶ 42} App. R. 12(C) then deals with a civil action or proceeding when the sole prejudicial error found is that the trial court's judgment is against the manifest weight of the evidence. That rule states that if the majority of the judges find that judgment is against the weight of the evidence and do not find that the appellee is entitled to judgment as a matter of law, the appellate court shall reverse and either weigh the evidence in the record and render the judgment that the trial court should have entered on that evidence or remand for further proceedings.
 {¶ 43} The bank cites a case out of the Eleventh District. That appellate court entered its own judgment on spousal support and child support where the trial court failed to follow its instructions on a prior remand. Stychno v. Stychno (Aug. 14, 1998), 11th Dist. No. 97T3. That court noted that lengthy delays caused by the lower court's disobedience bolstered the need for the appellate court to enter the judgment which the trial court should have entered. Id., citing App. R. 12(B).
 {¶ 44} Appellate courts often modify judgments in the domestic relations arena rather than remanding. See, e.g., Gockstetter v.Gockstetter (June 23, 2000), 6th Dist. No. E-98-078 (modifying spousal support from $500 to $400 per month). This is especially true where the case has already been remanded in the past. And, this modification and entry of judgment practice is approved by the Supreme Court. See Martinv. Martin (1985), 18 Ohio St.3d 292, 294 (holding that the appellate court can reverse or modify an inequitable property division), citing Section 3(B), Article IV, Ohio Constitution and App. R. 12.
 {¶ 45} There is no reason why decisions of the probate court would be given any higher status than decisions of other inferior courts regarding remand versus entry of judgment. The constitution and the appellate rules do not force a reviewing court to mindlessly remand a matter to a trial court when it is evident that the trial court has ignored and likely will continue to ignore a direct order by that reviewing court. While we are cognizant of some cases that seemingly restrict an appellate court to remand in such situations, we note that those cases have lost precedential value as they were written prior to the adoption of App. R. 12 in 1971. See In re Murnan's Estate (1949), 151 Ohio St. 529. The constitution expressly refers to the appellate court's ability to modify as allowed by laws such as App. R. 12.
 {¶ 46} Here, we originally reversed and remanded to allow the probate court to choose a reasonable discount for fee-taking errors. However, the probate court refused to follow our orders and in fact attempted to act as a reviewing court over our decision. Thus, as in the Stychno case, the bank incurred lengthy delays due to the probate court's actions.
 {¶ 47} As per our prior decision, which acted as the law of the case, the bank was entitled to judgment as a matter law. That is, they were to be granted the undisputedly ordinary fees minus a reasonable discount. Yet, the probate court refused all fees again contrary to our mandate.
 {¶ 48} As per App. R. 12(B), this court can choose to enter the judgment the probate court should have rendered rather than choosing to merely remand again. Since the bank was entitled to judgment as a matter of law and the probate court was at best, disobedient, we choose to exercise our option and enter the appropriate judgment.
 {¶ 49} Moreover and in the alternative, under App. R. 12(C), this court finds that a decision that effectively imposes a 100% discount is against the manifest weight of the evidence, and that in weighing the evidence in the record, the trial court should have rendered a reasonable discount. The rule then allows this court to determine and order a reasonable discount as its own judgment. Thus, according to Section 3(B)(2), Article IV of the Ohio Constitution and App. R. 12(A), (B), and (C), this court can enter a reasonable discount rather than once again remanding to a court who refuses to follow our dictates.
 {¶ 50} The only remaining issue then is the amount of the discount. As aforementioned, various bank officers proposed a 30% discount as being reasonable. (Tr. 12-13, 16). We agree that this represents a reasonable amount under the facts and circumstances that exist in this case. We note that the probate court not only disagreed and deviated from that amount but started making legal pronouncements criticizing and totally disregarding this court's prior decision. We acknowledge that we cannot award costs or fees against the probate court. Still, we note that the bank was forced to incur greater and greater expenses and delays in challenging the probate court's obstinacy and obvious disregard for the appellate court's directive.
 {¶ 51} For all of the foregoing reasons, this court hereby reverses the probate court's judgment and enters judgment for the bank for the requested fees minus a reasonable discount of 30%. The probate court shall immediately carry this judgment into effect.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.