THE STATE EX REL. UNITED STATES STEEL CORPORATION, F.K.A. USX CORPORATION, APPELLANT, *v.* ZALESKI, JUDGE, APPELLEE.

[Cite as *State ex rel. United States Steel Corp. v. Zaleski,* 98 Ohio St.3d 395, 2003-Ohio-1630.]

(Nos. 2002–1551 and 2002–1669—Submitted February 25, 2003—Decided April 16, 2003.)

**Per Curiam.**

{¶ 1} Joe McLendon, Ralph William Jr., Joseph Makuch, Franklin Wilson, Richard Reinoehl, Robert Mustard, Howard Carter, and Carl McDonaldson each worked at a plant in Lorain, Ohio, owned and operated by appellant, United States Steel Corporation, f.k.a. USX Corporation ("U.S. Steel"). Each of these workers claimed that he was diagnosed with the occupational diseases asbestosis and asbestos-related pleural disease, and each worker filed a workers' compensation claim. The district hearing officer of the Industrial Commission denied the claims, the commission's staff hearing officer affirmed the district hearing officer's orders and denied the claims, and the commission refused the claimants' further appeals.

{¶ 2} On January 4, 2002, Carter and McDonaldson filed in the Lorain County Court of Common Pleas a joint notice of appeal from the commission's orders as well as a complaint for a judgment declaring that they are entitled to participate in the workers' compensation fund for asbestosis and asbestos-related pleural disease. On February 26, 2002, Wilson, Reinoehl, and Mustard filed a comparable joint notice of appeal and complaint in the common pleas court. On March 7, 2002, McLendon, William, and Makuch filed a similar joint notice of appeal and complaint in the common pleas court. The notices of appeal stated the names of the claimants and their employer, the numbers of their claims, the dates of the commission orders appealed from, and the fact that the claimants were appealing therefrom. U.S. Steel moved to dismiss the appeals, claiming

that because the claimants' notices had been filed jointly, they failed to comply with R.C. 4123.512. In April and May 2002, appellee, Judge Edward M. Zaleski of the common pleas court, denied the motions.

{¶ 3} U.S. Steel subsequently filed complaints in the Court of Appeals for Lorain County for writs of prohibition to prevent Judge Zaleski from exercising any further jurisdiction over the claimants' appeals and to dismiss the cases with prejudice. Judge Zaleski filed Civ.R. 12(B)(6) motions to dismiss the complaints for failure to state a claim upon which relief can be granted. In July and August 2002, the court of appeals granted Judge Zaleski's motions and dismissed the complaints.

{¶ 4} In its appeals as of right, U.S. Steel asserts that the court of appeals erred in dismissing its prohibition actions.[1]

### Request for Oral Argument

{¶ 5} U.S. Steel requests oral argument for these appeals pursuant to S.Ct. Prac.R. IX(2). "Among the factors we consider in determining whether to grant oral argument in appeals in which oral argument is not required is whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue or a conflict between courts of appeals." *Clark v. Connor* (1998), 82 Ohio St.3d 309, 311, 695 N.E.2d 751.

{¶ 6} Oral argument is not warranted here. Although the underlying issue of whether R.C. 4123.512 prohibits joint notices of appeal may be significant, the court of appeals did not expressly determine that issue, nor need we; our review is instead restricted to whether extraordinary relief in prohibition is warranted. The parties' briefs are sufficient to resolve this limited issue. No issues of legal or factual complexity are involved, no constitutional issue is implicated, and no conflict between courts of appeals is claimed.

{¶ 7} Therefore, we deny U.S. Steel's request for oral argument.

### Prohibition

{¶ 8} The dismissals of the prohibition complaints were warranted if, after all factual allegations of the complaints were presumed true and all reasonable inferences were made in U.S. Steel's favor, it appeared beyond doubt that U.S. Steel could prove no set of facts warranting the requested extraordinary relief in prohibition. *State ex rel. Suburban Constr. Co. v. Skok* (1999), 85 Ohio St.3d 645, 646, 710 N.E.2d 710. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate

---

1. We grant U.S. Steel's motion to consolidate these cases because they involve the same background facts and they raise identical legal issues. See *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 187, 677 N.E.2d 347, fn. 1.

remedy by appeal." *State ex rel. Nalls v. Russo,* 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 18.

{¶ 9}   U.S. Steel claims that Judge Zaleski patently and unambiguously lacked jurisdiction over the appeals because the notices of appeal did not comply with R.C. 4123.512.   More specifically, U.S. Steel asserts that R.C. 4123.512 prohibits joint notices of appeal by multiple claimants from multiple common pleas court decisions.   Based on the following, U.S. Steel's prohibition claim is meritless.

{¶ 10}   Under R.C. 4123.512(A), "[t]he claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *." In these appeals, R.C. 4123.512(B) requires the following contents for the notice of appeal:

{¶ 11}   "The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom."

{¶ 12}   Notwithstanding U.S. Steel's claims to the contrary, a combined or joint notice of appeal by multiple claimants pursuant to R.C. 4123.512 does not patently and unambiguously divest a common pleas court of jurisdiction over the appeal.   In construing the statute, our paramount concern is legislative intent, and words and phrases must be read in context.   *State ex rel. Moss v. Ohio State Hwy. Patrol Retirement Sys.,* 97 Ohio St.3d 198, 2002-Ohio-5806, 777 N.E.2d 259, ¶ 20–21.   No language in R.C. 4123.512 expressly precludes joint appeals or combined notices of appeal.

{¶ 13}   Moreover, U.S. Steel's assertion that the language of R.C. 4123.512 referring to *the* claimant and *the* order appealed from prohibits claimants from filing a joint notice of appeal ignores applicable rules of statutory interpretation. R.C. 1.43(A) provides that "[t]he singular includes the plural, and the plural includes the singular."

{¶ 14}   In *Republic Steel Corp. v. Quinn* (1984), 12 Ohio St.3d 57, 58–59, 12 OBR 49, 465 N.E.2d 413, we relied on R.C. 1.43(A) to reject a comparable argument in a case in which an employer sought a writ of prohibition to prevent a common pleas court from considering a combined appeal by a single claimant from two separate workers' compensation decisions by the Industrial Commission:

{¶ 15}   "Appellant contends that R.C. 4123.519[2] does not authorize two or more decisions of the commission to be appealed to the court of common pleas in

---

2.   Former R.C. 4123.519 was amended and recodified as R.C. 4123.512, 145 Ohio Laws, Part II, 2990, 3153.

a single action. Instead, appellant contends that Gordon was required to institute a separate appeal from each claim addressed by the commission.

{¶ 16} "In support of this contention, appellant relies upon the language of R.C. 4123.519 providing for an appeal of 'a decision' of the commission within sixty days of having received the 'decision,' as it pertains to a 'claim' made due to the infliction of an 'injury.' Since Gordon initiated a single appeal involving two decisions of the commission, appellant argues that R.C. 4123.519 was not adhered to and that, as such, [the court of common pleas] is wholly without jurisdiction to consider the appeal.

{¶ 17} "We are unpersuaded by appellant's argument which completely overlooks the provisions of R.C. 1.43(A) wherein the General Assembly has stated, with respect to statutory construction, that '[t]he singular includes the plural, and the plural includes the singular.'

{¶ 18} "* * *

{¶ 19} "* * * [T]he application of R.C. 1.43(A) is neither prohibited by the provisions of R.C. 4123.519, nor does it conflict with related provisions contained in R.C. Chapter 4123, as long as any and all decisions sought to be appealed are instituted within the sixty-day limitation period prescribed by R.C. 4123.519. In the subject cause, each decision was appealed within the sixty-day limitation period. Accordingly, [the common pleas court] is not exercising jurisdiction unauthorized by law and, therefore, the court of appeals properly denied the writ [of prohibition]." See, also, *Akers v. Johnson Controls, Inc.* (June 27, 1997), Highland App. No. 96CA900, 1997 WL 360569, which reached a similar conclusion.

{¶ 20} Furthermore, we have expressly noted that the "jurisdictional requirements of R.C. [4123.512] are satisfied by *the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute.*" (Emphasis added.) *Fisher v. Mayfield* (1987), 30 Ohio St.3d 8, 30 OBR 16, 505 N.E.2d 975, paragraph one of the syllabus, construing former R.C. 4123.519. "Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. [4123.512] includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." Id. at paragraph two of the syllabus.

{¶ 21} The claimants' joint notices contained all of the information required by R.C. 4123.512(B), notifying all parties, including U.S. Steel, of the appeals and orders being appealed. See, e.g., *Fisher* at paragraph two of the syllabus; *Holmes v. Pipeline Dev. Co.* (Feb. 17, 2000), Cuyahoga App. No. 76835, 2000 WL 193254. U.S. Steel does not assert that the combined notices misled or prejudiced them in preparing a defense. In fact, U.S. Steel readily concedes that the

notices of appeal "contain sufficient information, without misstatement or technical error, to put all parties on notice of the workers' compensation claims being appealed."

{¶ 22} Notably, U.S. Steel cites no appellate case holding that R.C. 4123.512 requires an individual notice of appeal for each claimant.

{¶ 23} Therefore, Judge Zaleski does not patently and unambiguously lack jurisdiction over the claimants' appeal. In so holding, we need not expressly rule on U.S. Steel's jurisdictional claims because our review is limited to determining whether Judge Zaleski *patently and unambiguously* lacks jurisdiction. *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 431, 751 N.E.2d 472.

{¶ 24} Based on the foregoing, the court of appeals properly dismissed U.S. Steel's prohibition actions. U.S. Steel has adequate legal remedies by appeal to raise its jurisdictional claims. Accordingly, we affirm the judgments of the court of appeals.

Judgments affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

Rademaker, Matty, McClelland & Greve, Robert C. McClelland and Jennifer L. Whitt; and Roberta K. Spurgeon, for appellant.

Gregory A. White, Lorain County Prosecuting Attorney, and M. Robert Flanagan, Assistant Prosecuting Attorney, for appellee.