{¶ 1} Attorney Marshall D. Buck ("Relator") has filed a Writ of Prohibition with this Court against Hon. Timothy P. Maloney of the Mahoning County Court of Common Pleas, Probate Division. This Court is asked to rule on a Motion to Dismiss filed by Judge Maloney.
 {¶ 2} The Writ of Prohibition was induced by a judgment entry filed by Judge Maloney on October 8, 2002, barring Relator from, "instituting, filing and/or participating in or being appointed to, or serving as counsel of record in any new case or proceeding" before the Probate Court. (10/8/02 J.E., p. 2.) Relator believes that Judge Maloney did not have the judicial authority to issue such an order.
 {¶ 3} A writ of prohibition is an extraordinary remedy that is issued, "only in cases of extreme necessity, because of the absence or inadequacy of other remedies and only when the right is clear." State exrel. Utility Workers Union of America, AFL-CIO Local 349 v. Macelwane
(1961), 116 Ohio App. 183, 191, 187 N.E.2d 901. The writ should not be granted in borderline cases. State ex rel. Merion v. Tuscarawas Cty.Court of Common Pleas (1940), 137 Ohio St. 273, 277, 18 O.O. 40,28 N.E.2d 641.
 {¶ 4} The requisites for a writ of prohibition are well established: (1) the court against whom it is sought must be about to exercise judicial power; (2) the exercise of such power must be unauthorized by law; and (3) there must be no adequate remedy at law.State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160, 161,540 N.E.2d 239. Relator apparently wants this Court to prevent Judge Maloney from enforcing the October 8, 2002, order.
 {¶ 5} Prohibition will not lie unless it clearly appears that the court has no jurisdiction over the cause which it is attempting to adjudicate or is about to exceed its jurisdiction. State ex rel. Ellisv. McCabe (1941), 138 Ohio St. 417, 20 O.O. 544, 35 N.E.2d 571, paragraph three of the syllabus.
 {¶ 6} "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel.Sparto v. Darke Cty. Juv. Court (1950), 153 Ohio St. 64, 65, 41 O.O. 133,90 N.E.2d 598.
 {¶ 7} The issue presently before this Court is whether Relator's writ should be dismissed under Civ.R. 12(B)(6), i.e., failure to state a claim upon which relief can be granted. A court will dismiss a writ of prohibition under Civ.R. 12(B)(6) if the relator cannot prove any set of facts warranting relief. In so doing, the court must presume all factual allegations of the writ are true and must make all reasonable inferences in the relator's favor. State ex rel. United States Steel Corp. v.Zaleski, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 8.
 {¶ 8} Some of the background of this case is necessary in order to place Judge Maloney's decision in context. Judge Maloney's order of October 8, 2002, arose out of four active cases in the Mahoning County Court of Common Pleas involving the estate of Alan J. Withers. Kimberly Johnson had been married to Mr. Withers, and acted as administratrix of his estate. Attorney JeAnne Longenhagen was counsel of record representing Mr. Withers' estate. Although Relator was not counsel of record in any of the four cases, he actively represented Ms. Johnson and negotiated the settlement of wrongful death claims against Mr. Withers' estate and against Ms. Johnson. These settlements were not approved by the probate court as required by R.C. § 2125.02(C), which states: "[a] personal representative appointed in this state, with the consent of the court making the appointment and at any time before or after the commencement of an action for wrongful death, may settle with the defendant the amount to be paid." Based on these actions, Judge Maloney issued his October 8, 2002, order containing sanctions against Relator.
 {¶ 9} Given that this Court is asked to resolve whether Relator has a recognizable claim, the only relevant documents are the pleadings and the documents filed in response to Judge Maloney's motion to dismiss. Butler v. Jordan (2001), 92 Ohio St.3d 354, 376, 750 N.E.2d 554. Looking at Relator's original complaint, it is clear that a writ of prohibition cannot be issued in this case. Relator himself admits in his complaint that he was retained by Ms. Johnson to represent her in matters relating to the death of her husband. Relator admits that he entered into one or more settlements on behalf of Ms. Johnson. Even assuming that Relator did not appear as an attorney of record in any of the related cases, he placed himself under the de facto authority of the probate court by representing Ms. Johnson in matters that were governed by the probate court.
 {¶ 10} Judge Maloney has highlighted numerous bases for his authority to impose a sanction on Relator. He refers to Sup.R. 78(A), which states, in part:
 {¶ 11} "Each fiduciary shall adhere to the statutory or court-ordered time period for filing the inventory, account, and, if applicable, guardian's report. The citation process set forth in section2109.31 of the Revised Code shall be utilized to ensure compliance. The attorney of record and the fiduciary shall be subject to the citation process."
 {¶ 12} Judge Maloney argues that the Rules of Superintendence specifically approve of the type of sanction he imposed on Relator, as described in Sup.R. 78(D):
 {¶ 13} "The court may issue a citation to the attorney of record for a fiduciary who is delinquent in the filing of an inventory, account, or guardian's report to show cause why the attorney should not be barred from being appointed in any new proceeding before the court or serving as attorney of record in any new estate, guardianship, or trust until all of the delinquent pleadings are filed."
 {¶ 14} Relator argues that he was not an attorney of record, and, therefore, Judge Maloney had no authority to impose a sanction on him. Relator cannot hide behind the defense that he was not the attorney of record when he himself admits in his complaint that he was representing one of the parties in one or more of the related cases.
 {¶ 15} Judge Maloney also relies on Sup.R. 77, which gives the probate court broad authority to enforce the Rules of Superintendence: "[f]ailure to comply with these rules may result in sanctions as the court may direct." If Relator believed that Judge Maloney imposed an overly severe sanction, he should have openly identified himself as an attorney of record and pursued a direct appeal of the sanction.
 {¶ 16} Judge Maloney further points out that, under R.C. §2101.24(C), "[t]he probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." Obviously, the probate court had jurisdiction over Mr. Withers' estate. R.C. 2101.24(A)(1)(a). Once again, if the probate court improperly decided an issue relating to Mr. Withers' estate, the matter should have been dealt with in a direct appeal.
 {¶ 17} Relator's argument that the Supreme Court has the exclusive authority to bar him from the practice of law may have merit on direct appeal, but not with respect to this writ of prohibition. Various statutes and court rules have already been cited giving probate courts the power to regulate the conduct of attorneys practicing in those courts, including the power to bar the attorney from being appointed or from serving as attorney of record in any new estate, guardianship, or trust. Sup.R. 78(D).
 {¶ 18} Relator also argues that Judge Maloney exceeded the scope of Sup.R. 78(D) by failing to put a time limit on the order. Relator points out that under Sup.R. 78(D), a probate judge may only bar an attorney from being appointed to new cases, "until all of the delinquent pleadings are filed." Once again, Relator is questioning how Judge Maloney applied Sup.R. 78 rather than the jurisdiction of the probate court, and this issue would best be handled on a direct appeal.
 {¶ 19} Although Relator presents a number of arguments that are appropriate for a direct appeal and may have some merit in that forum, he has not demonstrated that Judge Maloney patently lacked jurisdiction to impose sanctions on him. Relator admits that Judge Maloney did have the power to sanction him to some degree. Relator simply disagrees with the scope of the sanction. Relator's arguments are not appropriate for a writ of prohibition, and Judge Maloney's motion to dismiss is hereby granted.
 {¶ 20} Final order. Clerk to serve notice as provided by the civil rules.
Waite, P.J., Donofrio and Vukovich, JJ., concur.