OPINION AND JOURNAL ENTRY
{¶ 1} Attorney James S. Jones (Relator) has filed a Complaint for Writ of Prohibition with this Court against Hon. Timothy P. Maloney of the Mahoning County Court of Common Pleas, Probate Division. This Court has been asked to rule on a Motion to Dismiss filed by Judge Maloney.
 {¶ 2} Relator was handling the estate of Wilma Sadler in the probate court. Relator and the estate's fiduciary were called to the court upon a citation for a delinquent account concerning the estate. During a hearing on the citation, Relator and the fiduciary explained to the magistrate that a delay in filing the final account was due to the fiduciary having thrown away the cancelled checks that would have proven the disbursements in the account. On January 21, 2003, Judge Maloney adopted the magistrate's decision and imposed sanctions on both the fiduciary and Relator. In addition to denying Realtor's his attorney fees, Judge Maloney barred Relator from the court. Judge Maloney denied a subsequent motion to vacate the January 21, 2003 entry and Relator appealed that matter to this Court. The appeal was assigned case no. 03-MA-142 and still pending.
 {¶ 3} On August 1, 2003, Relator applied to the probate court to be appointed executor of the estate of his late uncle, Richard E. Jones (Jones). Jones had named Relator as executor in his will. On August 7, 2003, the probate court informed Relator his application had been denied because he was "barred" from the court pursuant to the January 21, 2003 judgment entry filed by Judge Maloney.
 {¶ 4} "A writ of prohibition is an extraordinary remedy that is issued, `only in cases of extreme necessity, because of the absence or inadequacy of other remedies and only when the right is clear.' State exrel. Utility Workers Union of America, AFL-CIO Local 349 v. Macelwane
(1961), 116 Ohio App. 183, 191, 187 N.E.2d 901. The writ should not be granted in borderline cases. State ex rel. Merion v. Tuscarawas Cty.Court of Common Pleas (1940), 137 Ohio St. 273, 277, 18 O.O. 40,28 N.E.2d 641.
 {¶ 5} "The requisites for a writ of prohibition are well established: (1) the court against whom it is sought must be about to exercise judicial power; (2) the exercise of such power must be unauthorized by law; and (3) there must be no adequate remedy at law.State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160, 161,540 N.E.2d 239. * * *
 {¶ 6} "Prohibition will not lie unless it clearly appears that the court has no jurisdiction over the cause which it is attempting to adjudicate or is about to exceed its jurisdiction. State ex rel. Ellisv. McCabe (1941), 138 Ohio St. 417, 20 O.O. 544, 35 N.E.2d 571, paragraph three of the syllabus.
 {¶ 7} "`The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction.' State ex rel.Sparto v. Darke Cty. Juv. Court (1950), 153 Ohio St. 64, 65, 41 O.O. 133,90 N.E.2d 598.
 {¶ 8} "The issue presently before this Court is whether Relator's writ should be dismissed under Civ.R. 12(B)(6), i.e., failure to state a claim upon which relief can be granted. A court will dismiss a writ of prohibition under Civ.R. 12(B)(6) if the relator cannot prove any set of facts warranting relief. In so doing, the court must presume all factual allegations of the complaint are true and must make all reasonable inferences in the relator's favor. State ex rel. United States SteelCorp. v. Zaleski, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 8." State ex rel. Buck v. Maloney, 7th Dist. No. 02 CA 237,2003-Ohio-5309, ¶ 3- ¶ 7.
 {¶ 9} Relator argues that Judge Maloney did not have the judicial authority to issue an order barring him from the court. Relator argues that the final account has been filed, but will not be accepted because it contains attorney and fiduciary fees.
 {¶ 10} Relator has failed to establish the requisites for a writ of prohibition. The writ fails primarily because Relator has an adequate remedy at law. Relator's arguments concerning Judge Maloney's order barring him from the court involves an entirely different and unrelated case. Relator was barred as the result of his handling of the estate of Wilma Sadler. He has appealed the order in that case and that is where the arguments Relator makes in this case would be best directed. The real issue in this case is Judge Maloney's denial of Relator's application to be appointed executor of his uncle's estate. If Relator was dissatisfied with Judge Maloney's denial of his application to appoint him as executor, he should have directly appealed that decision. Cf. In reEstate of Geanangel (2002), 147 Ohio App.3d 131, 137, 768 N.E.2d 1235
(holding that an order granting or denying a motion to remove an executor of an estate is a final appealable order under R.C. 2505.02[B][4]).
 {¶ 11} Based on the foregoing, Relator's arguments are not appropriate for a writ of prohibition, and Judge Maloney's motion to dismiss is hereby granted.
 {¶ 12} Petition dismissed. Costs taxed against Relator.
 {¶ 13} Final order. Clerk to serve notice as provided by the civil rules.
Donofrio, Vukovich and DeGenaro, JJ., concur.